DANVERS FARMERS ELEVATOR COMPANY v. CHARLES JOHNSON.[1]

November 17, 1905.

Nos. 14,634—(33).

**Conversion.**

In this, an action to recover for the conversion of money, *held*, that the findings of fact and decision of the trial court are sustained by the evidence.

Action in the district court for Swift county to recover $5,446.15 for moneys had and received by defendant and converted by him. The case was tried before Qvale, J., who made findings of fact, and as con-

[1] Reported in 104 N. W. 899.

clusion of law found that the action should be dismissed. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. P. Olney,* for appellant.

*S. H. Hudson,* for respondent.

START, C. J.

The plaintiff owned and operated a grain elevator at Danvers, this state, during the years 1900 and 1901, and the defendant, as its secretary, managed its business. He executed a bond with sureties in the sum of $3,000 to the plaintiff to secure a faithful discharge of his duties. In December, 1901, the plaintiff, claiming that the defendant had converted to his own use its moneys, amounting in the aggregate to the sum of $8,446.15, commenced in the district court of the county of Swift two actions for the recovery of the amount so converted. One of the actions was against the defendant and the sureties on his bond to recover $3,000 of the sum alleged to have been converted. The other one was this action, which was brought against the defendant alone to recover $5,446.15, the balance of the sum claimed to have been converted less the $3,000 thereof secured by the bond. The complaint in this action alleged the pendency of the action to recover the $3,000 secured by the bond. Both actions were for the same defalcation, and were tried by the court without a jury, and were decided by the court upon the same evidence. In the action on the bond the trial judge found as a fact that the defendant had converted the money of the plaintiff in a sum greater than $3,000, but the exact amount he was unable to determine, and ordered judgment against the defendant and his sureties for $3,000. The defendant appealed, and this court held that the finding was sustained by the evidence. See 93 Minn. 323, 101 N. W. 492.

The trial court in this action found that the defendant converted to his own use the money of the plaintiff, aggregating more than $3,000, but that the exact amount in excess of $3,000 he was unable to find from the evidence, and, further, that such $3,000 was the identical defalcation for which judgment was ordered against the defendant in the action on the bond. As a conclusion of law judgment was directed for the defendant dismissing this action. The plaintiff made no motion for more specific findings of fact, or for a finding to the effect

that the defendant converted a definite amount of money, naming a sum in excess of $3,000. The plaintiff appealed from an order denying its motion for a new trial.

No claim is here made that the plaintiff is entitled to recover in this action the $3,000 which it recovered in the action on the bond, but its claim is, in effect, that the findings of fact are not sustained by the evidence, in that it shows that the defendant's total defalcation was $14,164.96, and that for the balance thereof, after deducting the $3,000, judgment should have been ordered for the plaintiff, or, in other words, that the findings of fact are not sustained by the evidence. The general character of the evidence appears in the opinion of this court on the former appeal. The question here is not whether, if the trial judge had found that the defalcation was a definite sum materially greater than $3,000, the evidence would sustain the finding, but the question is whether the plaintiff was as a matter of right entitled to such a finding. We have considered the evidence, which is complicated and in many of its details indefinite, and reached the conclusion that the findings of fact are fairly sustained by the evidence and that the action was properly dismissed.

Order affirmed.